another trial, when the justice of the case has already been attained by the verdict and judgment, whose effect is that the plaintiff shall not have rent for the three months during which he failed to furnish the defendant the building. The plaintiff was certainly responsible to the defendants to the extent of the three months rent of the building which he did not furnish, as damages, by way of counterclaim. The result is just and right, and should stand.

No error.

---

### H. D. SLOAN v. COOPER GUANO COMPANY.

(Filed 9 October, 1918.)

**Instructions—Appellant's Evidence—Evidence—Questions for Jury—Trials.**
   Instructions predicated upon the appellant's version of the contract sued on, which was for the determination of the jury under conflicting evidence, are properly refused.

APPEAL by Sloan & Company from *Calvert, J.,* at Fall Term, 1918, of SAMPSON.

These were two actions, originally; the first action being entitled H. D. Sloan v. Cooper Guano Company and W. B. Cooper; the second action being entitled Cooper Guano Company v. H. D. Sloan. By consent, the two actions were consolidated and tried together. Upon the trial it was admitted that H. D. Sloan was indebted to Cooper Guano Company in the sum of $697.54, with interest thereon from 11 November, 1916, and that Cooper Guano Company was the owner of and entitled to the possession of the property described in the affidavit of claim and delivery filed in the case of Cooper Guano Company v. H. D. Sloan, and that the value of said property at the time of seizure was $1,000. Issues were submitted in conformity with this agreement, and answered by the court, as will appear in the judgment.

The only questions for the consideration of the court arose upon the complaint in the case of H. D. Sloan v. Cooper Guano Company, and the counterclaim set up in the answer of H. D. Sloan in the case of Cooper Guano Company v. H. D. Sloan, alleging that the Cooper company agreed to pay Sloan 50 cents per ton on all fertilizers sold to the members of the Farmers' Union in Sampson County, which was denied by the Cooper company. Both parties introduced evidence in support of their claims.

The jury returned a verdict in favor of Sloan, and the Cooper Company appealed from the judgment rendered thereon.

*I. C. Wright and Fowler & Crumpler for plaintiff.*
*Grady & Graham for defendant.*

PER CURIAM.   The controversy is one entirely of fact dependent upon the terms of the contract, which the jury has resolved against the appellant.

Most of the exceptions are to the refusal to give certain instructions, which were predicated on the version of the contract given by the Cooper company, and could not have been given, because they required the judge, and not the jury, to decide the fact.

We find no error in the trial.

No error.

———

CHARLES RAULF, ADMR. OF FRANK RAULF, v. ELIZABETH CITY
LIGHT AND POWER COMPANY.

(Filed 13 November, 1918.)

1. **Electricity—Negligence—Evidence—Trials—Questions for Jury.**

   Evidence tending to show that defendant, supplying electricity for motor power, was under contract to furnish a drug store with electricity, over a wire carrying a safe voltage, for operating mixing appliances for "soft drinks" at a fountain, and that plaintiff's intestate, employed there, was killed by a heavy voltage of electricity coming suddenly upon the wire from the primary wire of the defendant, because of insufficient insulation of the outside wires, misplacing of the poles, and delay in cutting out the current, etc., is held sufficient upon the issue of defendant's actionable negligence.

2. **Evidence—Impressions—Collective—Facts—Electricity.**

   Where there is evidence that the defendant's wires, heavily charged with a deadly current of electricity, came in contact with another and harmless wire of the defendant, and caused the death of the plaintiff's intestate, it is competent for an eye-witness to testify that where the wires crossed they made a short circuit, producing light, indicating that the wires had not been properly wrapped, such being his impression of facts under his immediate observation and within his experience.

3. **Appeal and Error—Evidence—Harmless Error.**

   The trial judge cures evidence erroneously admitted by striking it out, so informing the jury and instructing them not to consider it.

4. **Evidence —Expert— Electricity— Issues— Appeal and Error — Harmless Error.**

   Where the defendant's liability for the killing of the plaintiff's intestate is made to depend upon its negligence in permitting an improperly insulated wire, admittedly charged with a deadly current of electricity, to